IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VICTOR ROBINSON,

                                                                               OPINION AND ORDER

          Plaintiff,

                                                                                20-cv-28-bbc

    v.

R. EDWARDS, MATTHEW SCULLION,
DANE ESSER, SGT. SAYLER, LEBBEUS BROWN,
ANTHONY BROADBENT and JANE DOE,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Victor Robinson, who is incarcerated at the Waupun Correctional Institution, is proceeding on Eighth Amendment and state law negligence claims against defendants Anthony Broadbent, Lebbeus Brown, Sayler, R. Edwards, Matthew Scullion and Dane Esser and a First Amendment access to courts claim against defendant Jane Doe. Before the court is plaintiff's motion to amend his complaint to identify the Doe defendant and name two additional defendants with respect to his access to courts claim. Dkt. #22. Although plaintiff has submitted a proposed amended complaint, dkt. #23, that includes allegations against the newly named defendants, the amended complaint does not repeat the allegations in the original complaint regarding plaintiff's Eighth Amendment claims. Therefore, I will construe plaintiff's proposed amended complaint as a supplement to his original complaint and screen it in accordance with 28 U.S.C. 1915A.

      For the reasons set out below, I conclude that Melanie Kuslits shall be substituted for defendant Jane Doe and that plaintiff may proceed with a First Amendment access to courts claim against defendant Cory Giebel. However, plaintiff's allegations are not sufficient to

1

state a claim against institution complaint examiner T. Moon, so he will be dismissed.

OPINION

As in his original complaint, plaintiff alleges in his supplement that around early April 2018, he asked a notary, whom he has now identified as defendant Melanie Kuslits, to notarize his handwritten notice of claim with respect to his negligence claims against the other defendants in this case. Kuslits allegedly refused, stating that her boss, defendant Cory Giebel, told her that she could not notarize a handwritten notice of claim and that plaintiff had to complete a standard, printed claim form. Plaintiff alleges that he wrote to the notary record office for his restrictive housing unit, asking to speak with Giebel about the matter, but that he never received a response. He further alleges that he filed an inmate complaint in May 2018, which institution complaint examiner T. Moon denied.

Because plaintiff alleges that both defendants Kuslits and Giebel prevented him from filing a valid notice of claim with respect to his negligence claims against the other defendants, his allegations are sufficient at this early stage to state an access to courts claim under the First Amendment against defendant Giebel as well as defendant Kuslits. Devbrow v. Gallegos, 735 F.3d 584, 587 (7th Cir. 2013) (prison official denies inmate access to courts if he interfered with inmate's legal materials and interference actually prejudiced inmate's pending litigation). Although plaintiff seeks to bring a constitutional claim against defendant Moon for failing to obtain the "true facts" and dismissing his complaint, he may not do so. To be liable, an individual defendant must have caused or participated in a

2

constitutional violation.  Hildebrandt v. Illinois Department of Natural Resources, 347 F.3d 1014, 1039 (7th Cir. 2003).  The Court of Appeals for the Seventh Circuit has made clear that "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create [constitutionally-protected] interests . . ., and so the alleged mishandling of [] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011).

ORDER

IT IS ORDERED that

1.  Plaintiff Victor Robinson's motion to supplement his complaint, dkt. #22, is GRANTED in part and DENIED in part:

    a.  Defendant Melanie Kuslits shall be substituted for defendant Jane Doe.

    b.  Plaintiff is GRANTED leave to proceed on a First Amendment access to courts claim against defendant Cory Giebel, who will be added as a defendant in this case.

    c.  Plaintiff is DENIED leave to proceed on any other new claim.  Defendant T. Moon is DISMISSED.

2. Plaintiff's proposed amended complaint, dkt. #23, is construed as a supplement and it, along with his original complaint, dkt. #1, will be the operative pleading in this case.

Entered this 31st day of August, 2020.

                        BY THE COURT:

                        /s/

                        _____
                        BARBARA B. CRABB
                        District Judge