IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

VICTOR ROBINSON,

                Plaintiff,

v.

R. EDWARDS, *et al.*,

                Defendants.

OPINION AND ORDER

20-cv-28-bbc

---

    Pro se plaintiff Victor Robinson, who is incarcerated at the Waupun Correctional Institution, is proceeding on an Eighth Amendment failure to protect claim, a First Amendment access to courts claim, and state law negligence claims against defendants. Robinson alleges that he was attacked on January 2, 2018 by another inmate, Robert Collins, who allegedly posed a known threat to Robinson. With respect to defendant Lebbeus Brown in particular, Robinson alleges that Brown overheard Collins threaten to harm Robinson in late 2017.

    Before the court is Robinson's motion to compel. He seeks an order compelling defendants to provide: (1) an 8-hour long tape of a gang debriefing that Robinson did with defendant Brown in 2014; and (2) "any documents, emails or reports made by social worker Ms. Harper on August the last week year 2015, or early September 2015 during PRC hearing where Brown said plaintiff was verbally attacking Ms. Harper." Dkt. 45. Defendants respond that the requested items are not relevant to Robinson's lawsuit and are "not proportional to the need of this case." Dkt. 64 at 2. (The parties' cross motions for summary judgment are also before the court, but those motions will be addressed in a separate order.)

    The 2014 tape is discoverable. Although defendants argue that the debriefing occurred almost 3.5 years before the alleged attack and 2 years before defendant Brown allegedly overheard Collins's threats, Robinson is entitled to review the tape for evidence that Brown

1

had additional knowledge of the threat that the Vice Lords or Collins may have posed to Robinson. For example, Robinson alleges that he told Brown during the debriefing that the Vice Lords would place a hit on him for denouncing his gang affiliation. Whether such information is relevant or admissible to Robinson's claims is a question that will be resolved later in this lawsuit. Defendants must promptly produce the tape to Robinson or make arrangements for him to review it.

I agree with defendants that the 2015 incident during which plaintiff allegedly yelled at a social worker is not related to Robinson's claims. Although Robinson argues that documents related to the incident will show that he did not yell at the social worker and does not have anger issues, the 2015 incident is too remote to be relevant to his claims in this case. Accordingly, Robinson's motion to compel documents related to that incident will be denied.

ORDER

IT IS ORDERED that plaintiff Victor Robinson's motion to compel, dkt. 45, is GRANTED as to his request to review the 2014 debriefing tape. The motion is DENIED in all other respects.

Entered this 10th day of May, 2021.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge