UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

VICTOR ROBINSON
    Plaintiff,

  v.

Randall Edwards et al.,
    Defendant's

Case No. 20-cv-28-bbc

---

NOTICE OF APPEAL AND PERTION FOR CERTIFICATE OF APPEALABILITY

---

    COMES NOW <u>Victor Robinson,</u> the above named plaintiff appellant, appearing in the matter Pro Se, without counsel, pursuant to <u>Fed R. App. P. Rule (3)(a),</u> and as, and for a notice of appeal to the United States District Court for the Western District of Wisconsin from the order Entered on the 8th day of June 2021, that Granted defendants Motion for Summary Judgment Dkt. ##34.

    In addition the defendants produced only a portion of the tape of an eight-hour gang debriefing interview that the defendant Brown conducted with Robinson in 2014 Dkt. #77. Defendants were in violation of this court's May 10, 2021 order compelling defendants to produce the tape. Dkt. #76. The tape was denied because the stated contents of the interview tape would not change the outcome of this case, plaintiff's recent discovery request will be denied as moot.

    Mootness is established only if "(1) it can be said with assurance that 'there is no reasonable expectation...'that the alleged violation will reocur...and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." If there is a concrete reason to believe the violation is likely to recur, the case is not moot. see. Washington v. Harper, 494 U.S. 210, 218-19, 110 S. Ct. 1028 (1990).

    It is a undisputed fact the defendant Saylor was telling untruths, when he said he don't know who transfered Robinson to Foxtrot unit from Charlie unit and that he do not have the authority to except inmates on his unit, or move people of his unit.

(1)

He was telling untruths see. Wed. 18, October 2017
15:32:55-055 #0227 Exhibit-2.

Defendant Saylor failed to file a Supervisor Shift Report
after his shift was over as required by the DOC dated Wed. 18,
otoctober 2017, showing that defendant Saylor and defendant
Scullion conspired together with Sergeant Erica E. Collins of
Charlie Unit, see. Exhibit-3.

Defendant Supervisor Giebel and Kuslits failed to assist
Robinson in bringing legal actions, by providing law library
or legal assistance, as required by the decision in Bounds v.
Smith.

Instead the defendant chose to "Interfer with Robinson Claim."
Bounds v. Smiths, 430 U.S. 817, 822 97 S. Ct. 1491 (1977). see
Ch. 9, §§ A, B, concerning the filing fees and "three strikes"
provisions of the Prison Litigation Reform Act. Open Court Clause
States: """All courts shall be open: and every person, for injury
by due course of law injury done to him in his person, property,
or reputation, shall have remedy by due course of law. Justice
shall be administered freely and without purchase; completely
and without denial; speedily and without delay." The state
Supreme Court held that a state "three strikes" provision,
which was even more restrictive than the Federal Statute, violated
that Clause. Smith v. Indiana Dept of Corrections 883 N.E.2d
802 (Ind 2008); seeCh. 9, § B, concerning the federal provision.

Kuslits was told by her Supervisor Giebel she cannot
notarize Robinson hand-written notice of claim, see. #0169
exhibit-6.

Respectfully Submitted By Victor Robinson
Date 7-3-21

(2)